IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

A<small>NNIE</small> T<small>UMMINO</small>, *et al*.,

                Plaintiffs,

                                                                               CV-12-0763 (ERK/VVP)

v.

M<small>ARGARET</small> H<small>AMBURG</small>, *et al.,*

                Defendants.

------------------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND THEIR FIRST SUPPLEMENTAL COMPLAINT AND ADD PLAINTIFFS**

      Plaintiffs Annie Tummino, *et al*. ("Plaintiffs") submit this memorandum of law in support of their motion for leave to file a Second Amended Supplemental Complaint pursuant to Rules 15(a) and 20 of the Federal Rules of Civil Procedure. Plaintiffs seek amendment to add two additional plaintiffs—a 14 year old adolescent, and an adult woman on behalf of herself and her adolescent children, all of whom are under 17. These additional plaintiffs have been and continue to be harmed by Defendants' actions. Plaintiffs' counsel requested consent from Defendants' counsel to file a second amended complaint adding those plaintiffs, but opposing counsel was unable to provide a response by the time of this filing.

**Procedural Background**

      On February 8, 2012, Plaintiffs filed a Supplemental Complaint alleging claims against Defendants for their bad faith and arbitrary and capricious actions on remand with regard to the Citizen Petition submitted by Plaintiff Association of Reproductive Health Professionals and other organizations asking the FDA to switch Plan B and all similar emergency contraceptives

from prescription only to over-the-counter. A first amended supplemental complaint was filed on February 29, 2012. Plaintiffs now seek to permission to amend their first amended supplemental complaint (attached as Exhibit 1 to the Declaration of Suzanne Novak, dated May 22, 2012, the "Novak Decl."). The Plaintiffs' proposed second amended supplemental complaint ("Sec. Am. Supp. Compl") (attached as Exhibit 2 to the Novak Decl.) includes the following amendments:

- Adding Tracy Gaffin, as a plaintiff, on behalf of her minor children, all of whom are under 17 years old  (Sec. Am. Supp. Compl. at ¶ 9),

- Adding Anaya Kelly, a 14 year old minor, as a plaintiff, by and through her next friend, Amber Kelly (Sec. Am. Supp. Compl. at ¶ 10).

**Plaintiffs' Motion to Amend the Complaint Should Be Granted Under the Liberal Standards of Rules 15 and 20 of the Federal Rules of Civil Procedure**

Plaintiffs' motion to amend to include two additional plaintiffs satisfies the liberal standards of the Federal Rules of Civil Procedure for amending a complaint. Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading by leave of court and "leave shall be freely given when justice so requires." "[R]efusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules.'" *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d Cir. 1995) (citation omitted).

The addition of new parties is governed by Rule 20 which states that parties may join as plaintiffs if: (1) the parties' claims for relief arise out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20(a).

The interests of justice support allowing Plaintiffs to amend their complaint to add the two proposed additional plaintiffs. These plaintiffs have been and continue to be harmed by Defendants' bad faith and unconstitutional actions. While several of the other plaintiffs

2

represent the interests of these proposed plaintiffs, these proposed plaintiffs would like the voice of individual adolescents under 17, as well parents of such adolescents, to be heard. Due to Defendants' bad faith behavior, *Tummino v. Torti*, 603 F. Supp. 2d 519, 544 (E.D.N.Y. 2009), and lengthy delays in ruling on the Citizen Petition which span nearly a decade, *id.* at 523; April 27, 2012 Hr'g Tr. 141:1-2, the original adolescent plaintiffs are now older than 17 and no longer require a prescription to obtain emergency contraception.[1] The additional plaintiffs consist of an adolescent girl, age 14, and the mother of three adolescent children, two girls aged 14 and 12 and a son aged 9, none of whom can obtain emergency contraception without a prescription. The proposed plaintiffs' claims for relief arise out of the same series of transactions or occurrences as the existing plaintiffs, and questions of law or fact common to all plaintiffs will arise in this action. *See* Fed. R. Civ. P. 20(a).

None of the reasons for denying a motion to amend the complaint is present here. A motion to amend should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and most importantly, prejudice to the opposing party. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993); *EEOC v. Thomas Dodge Corp. of N.Y.,* 524 F. Supp. 2d 227, 233 (E.D.N.Y. 2007). To demonstrate prejudice under Rule 15(a), Defendants, as the party opposing the motion for leave to amend, must establish that the amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350; *see also Thomas Dodge Corp.,* 524 F. Supp. 2d at 233 (same). There can be no legitimate argument that Plaintiffs' decision to amend at this stage in

---

[1] While these Plaintiffs no longer require a prescription, they are still injured by the arbitrary and capricious restrictions placed on their ability to obtain emergency contraception and maintain standing to bring this lawsuit. *Tummino*, 603 F. Supp. 2d at 540-41; April 27, 2012 Hr'g Tr. 101:18-20, 108:8-13, 108:16-19, 109:1-2, 149:2-6 .

the litigation was made in bad faith or pursued as a dilatory tactic since Plaintiffs have sought a speedy resolution on the merits from the inception of this case. It is only because of Defendants' dilatory and bad faith actions in consideration of the Citizen Petition and in this lawsuit that certain Plaintiffs already joined in this action have aged to maturity before the resolution of this litigation. Although the current Plaintiffs maintain standing to bring this lawsuit and seek the requested relief, the addition of these additional plaintiffs ensures that the voices of younger adolescents and parents of younger adolescents continue to be heard in this case.

Furthermore, Amendment of the Complaint will not unfairly prejudice Defendants. The new plaintiffs "assert claims that are identical to, or a subset of, those claims made by the original plaintiff[s] . . ., and . . . those claims arise from the very same incident[s]." *See Junior Gallery v. Neptune Orient Line*, No. 94-4518, 1997 U.S. Dist. LEXIS 499, **14-15 (S.D.N.Y. Jan. 22, 1997) (citation omitted); *see also*, *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 101-02 (S.D.N.Y. 2010) (permitting motion for leave to amend to add additional plaintiff whose claims arose from the same incident as those already alleged by the original plaintiffs). Thus, Defendants were put on notice of the claims long ago and will not incur additional costs, nor be surprised or disadvantaged in any way.

For the foregoing reasons, this Court should grant Plaintiffs' leave to amend the first amended supplemental complaint and, accordingly, should allow the filing of Plaintiffs' second amended supplemental complaint.

Dated: May 23, 2012
     New York, New York

                              Respectfully submitted,

                              /s/ *Suzanne Novak*
                              **SUZANNE NOVAK**
                              **JANET CREPPS***

Center for Reproductive Rights
120 Wall Street, 14th Floor
New York, NY 10005
(917) 637-3600

*Attorneys for all Plaintiffs*

**ANDREA COSTELLO*∞**
Partnership for Civil Justice Fund
617 Florida Avenue, NW
Washington, D.C. 20001
(202) 232-1180 (phone)
(202) 747-7747 (fax)
ac@justiceonline.org

**KIRSTEN CLANTON***
Southern Legal Counsel, Inc.
1229 NW 12th Ave.
Gainesville, FL 32601
(352) 271-8890

*Attorneys for Plaintiffs Tummino, Mahoney, Giardina, Mangan, Seguin, Tinney, Brown Churchill, Hunt and Kelly*

**JANICE MAC AVOY**
**RACHEL G. KRAVITZ**
**SONYA TIEN**
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
(212) 859-8000

*Of Counsel*

*Admitted *pro hac vice*
∞Admission to D.C. Bar pending. Member of the Bars of Florida and New York. Practicing under supervision of a member of the District of Columbia Bar.

5