UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANNIE TUMMINO, *et al.*,

                   Plaintiffs,                  **ORDER**

         - against -               No. 12-CV-763 (ERK)(VVP)

MARGARET HAMBURG, Commissioner
of Food and Drugs, *et al.*

                  Defendants.

-----------------------------------------------------------------X

KORMAN, J.:

I expect to file an opinion in this case by the end of the month. In the meantime, I have three questions to which I would like a response.

1) The defendants have moved to strike the affidavit of Dr. Miriam Cremer, a scientist who conducted a label comprehension study of two-pill levonorgestrel-based emergency contraception that included over 1000 subjects between the ages of 12 and 17. She says in that affidavit that "a representative of the FDA request[ed] a copy of [that] study" and that she "sent it to them." [Cremer Decl., Case No. 12-cv-763, Doc. No. 29 at ¶ 3.] The FDA's December 2011 Citizen Petition Denial Letter, which contains a detailed discussion of the manner in which the FDA evaluated the SNDA submitted by Teva regarding Plan B One-Step as well as the Citizen Petition, makes no reference to this study. Is Dr. Cremer's statement true? Did the FDA receive and review a copy of the Cremer study?

1

2) An article describing the results of the actual use study submitted with the Plan B One-Step SNDA states that "the FDA agreed to eliminate the requirement for a minimum of 25 participants in the 11-year to 13-year age group." [Case No. 12-cv-763, Doc. No. 26-1.] Indeed, there were no 11- or 12-year-old participants in this actual use study, and three 13-year-olds. *Id.* Again, the FDA's Citizen Petition Denial Letter contains a discussion of the FDA's communications with Teva regarding the studies that might be required to support its application. The discussion makes no mention of the fact that the FDA agreed to eliminate the foregoing requirement. Is the statement contained in ECF 26-1, quoted above, accurate?

3) In an order dated December 13, 2011, I directed the FDA to advise me at an upcoming hearing "whether the actual use and labeling comprehension studies conducted by Teva with respect to Plan B One-Step are inadequate with respect to all women under the age of 17 or whether they are inadequate only with respect to those under the age of twelve." At that hearing, the Assistant U.S. Attorney representing the defendants responded that "the Commissioner of the FDA isn't in a position to be able to answer the question," because the decision to deny the SNDA was made by Secretary Sebelius, not the Commissioner. [Case No. 05-cv-366, Doc. No. 342 at 5.] Since then, Secretary Sebelius has been added as a defendant. At this point, there is no reason why I cannot get an answer to this question.

The defendants are directed to respond within ten days of the date of this order. The questions that I have asked relate to questions of fact, and I do not want any legal argument. While I

intend to rule on Teva's motion to intervene at the same time that I decide the parties' cross-motions for summary judgment, I grant them permission to continue to participate as amicus curiae to the extent that they wish with respect to the questions that I raised above.

**SO ORDERED:**

Brooklyn, New York
March 4, 2013

*Edward R. Korman*

Edward R. Korman
Senior United States District Judge