**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANNIE TUMMINO, *et al.*, ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 12-CV-763 |
| ) | |
| MARGARET HAMBURG, Commissioner ) | (Korman, J.) |
| of Food and Drugs, *et al.*, ) | (Pohorelsky, M.J.) |
| ) | |
| Defendants. ) | |
| ) | |

**RESPONSE TO ORDER OF MARCH 4, 2013**

Defendants respectfully respond to the three questions posed in the Court's order of March 4, 2013 [Doc. No. 77] as follows.

Question 1:    The defendants have moved to strike the affidavit of Dr. Miriam Cremer, a scientist who conducted a label comprehension study of two-pill levonorgestrel-based emergency contraception that included over 1000 subjects between the ages of 12 and 17.  She says in that affidavit that "a representative of the FDA request[ed] a copy of [that] study" and that she "sent it to them." [Cremer Decl., Case No. 12-cv-763, Doc. No. 29 at ¶ 3.]  The FDA's December 2011 Citizen Petition Denial Letter, which contains a detailed discussion of the manner in which the FDA evaluated the SNDA submitted by Teva regarding Plan B One-Step as well as the Citizen Petition, makes no reference to this study.  Is Dr. Cremer's statement true?  Did the FDA receive and review a copy of the Cremer study?

Response:    Defendants lack sufficient knowledge or information to confirm or deny Dr. Cremer's statement about her communications with an unnamed "representative of the

FDA." In the regular course of drug review, FDA employees often conduct reviews of the scientific literature. The literature review conducted for the Plan B One-Step SNDA included the journal article describing Dr. Cremer's study. However, neither the journal article nor the raw data from that study were submitted to the citizen petition docket for Plan B.

Question 2: An article describing the results of the actual use study submitted with the Plan B One-Step SNDA states that "the FDA agreed to eliminate the requirement for a minimum of 25 participants in the 11-year to 13-year age group." [Case No. 12-cv-763, Doc. No. 26-1.] Indeed, there were no 11- or 12-year-old participants in this actual use study, and three 13-year-olds. *Id.* Again, the FDA's Citizen Petition Denial Letter contains a discussion of the FDA's communications with Teva regarding the studies that might be required to support its application. The discussion makes no mention of the fact that the FDA agreed to eliminate the foregoing requirement. Is the statement contained in ECF 26-1, quoted above, accurate?

Response: The minutes of an April 28, 2010, meeting between FDA employees and the Plan B One-Step sponsor reflect an exchange of questions and "preliminary responses" prior to the meeting. One preliminary response stated that "it appears that you have provided adequate information to justify removing the quota for enrollment of 11 to 13-year-olds as currently specified in your actual use study protocol." Admin. R. 595. However, the Secretary, who was the final decisionmaker, was not present at that meeting and disagreed about the quantum of evidence necessary.

Question 3: In an order dated December 13, 2011, I directed the FDA to advise me at an upcoming hearing "whether the actual use and labeling comprehension studies conducted by

Teva with respect to Plan B One-Step are inadequate with respect to all women under the age of 17 or whether they are inadequate only with respect to those under the age of twelve." At that hearing, the Assistant U.S. Attorney representing the defendants responded that "the Commissioner of the FDA isn't in a position to be able to answer the question," because the decision to deny the SNDA was made by Secretary Sebelius, not the Commissioner. [Case No. 05-cv-366, Doc. No. 342 at 5.] Since then, Secretary Sebelius has been added as a defendant. At this point, there is no reason why I cannot get an answer to this question.

Response:     The Secretary made no determination regarding this question because the SNDA submitted by the Plan B One-Step sponsor did not seek OTC availability for a specific subset of younger women. Rather, it sought to eliminate prescription-dispensing requirements for *all* women of childbearing potential. Thus, the question considered by the Secretary was not, "For *which* ages do the Plan B One-Step studies demonstrate that the drug is safe and effective for nonprescription use?" It was, instead, "Do the Plan B One-Step studies demonstrate that the drug is safe and effective for nonprescription use for *all* women of childbearing age?" She concluded that they did not. *See* Sebelius Memorandum 1 ("the data submitted for this product do not establish that prescription dispensing requirements should be eliminated for all ages") (citing 21 C.F.R. § 310.200(b)).[1] Accordingly, she directed FDA to issue a complete response letter. *Id.* at 2.

As Defendants have explained, a complete response letter leaves the sponsor with several regulatory options. *See* Defs.' Resp. to Order to Show Cause 42-44. It may withdraw its application. 21 C.F.R. § 314.110(b)(2). It may request an agency hearing. *Id.* § 314.110(b)(3).

---

[1] 21 C.F.R. § 310.200(b) provides that a drug product "shall be exempted from prescription-dispensing requirements when the Commissioner finds that such requirements are not necessary for the protection of the public health by reason of the drug's toxicity or other potentiality for harmful effect, or the method of its use, or the collateral measures necessary to its use" and "that the drug is safe and effective for use in self-medication as directed in proposed labeling."

It may seek review in the Court of Appeals.  21 U.S.C. § 355(h).  Or it may revise its application — for example, by amending the request, or by remedying any deficiencies — and resubmit it for approval.  *Id.* § 314.110(b)(1).  Thus, although the Plan B One-Step SNDA did not present the Court's question, a revised application could do so.

Dated: March 14, 2013                                    Respectfully submitted,

*Of Counsel:*                                            STUART F. DELERY
                                                         Principal Deputy Assistant Attorney General

DAVID J. HOROWITZ
Deputy General Counsel                                   LORETTA E. LYNCH
                                                         United States Attorney
                                                         Eastern District of New York
ELIZABETH H. DICKINSON
Chief Counsel
Food and Drug Division                                   IAN HEATH GERSHENGORN
                                                         Deputy Assistant Attorney General

ANNAMARIE KEMPIC
Deputy Chief Counsel, Litigation                         SHEILA LIEBER
                                                         Deputy Director, Federal Programs Branch

SCOTT A. KAPLAN
Assistant Chief Counsel                                  F. FRANKLIN AMANAT
U.S. Department of Health & Human Services               Assistant United States Attorney
Office of General Counsel                                271 Cadman Plaza East, 7th Floor
10903 New Hampshire Avenue                               Brooklyn, NY  11201-1820
Silver Spring, MD 20993-0002                             Telephone: (718) 254-6024

                                                          /s/ *Eric Beckenhauer*
                                                         ERIC B. BECKENHAUER
                                                         Cal. Bar No. 237526
                                                         Trial Attorney
                                                         U.S. Department of Justice
                                                         Civil Division, Federal Programs Branch
                                                         20 Massachusetts Ave. NW
                                                         Washington, DC  20530
                                                         Telephone: (202) 514-3338
                                                         Facsimile: (202) 616-8470
                                                         E-mail: eric.beckenhauer@usdoj.gov

                                                         *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March 2013, I caused the foregoing document to be served on Plaintiffs' counsel of record electronically by means of the Court's CM/ECF system.

/s/ *Eric Beckenhauer*
ERIC B. BECKENHAUER