

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, NY 11201-1820*

March 14, 2013

**BY ELECTRONIC COURT FILING**
**AND COURTESY COPY BY HAND DELIVERY**

Honorable Edward R. Korman
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    *Re*:    *Tummino v. Hamburg*, Nos. 05-CV-366, 12-CV-0763 (ERK/VVP)

Dear Judge Korman:

We write on behalf of defendants in the above-referenced actions, in response to the Court's minute order dated March 8, 2013, which directed the government to provide the Court by this Friday, March 15, with "the Division Director Summary Review of Regulatory Action referenced by Secretary Sebelius in her memorandum directing the FDA to issue a complete response letter [in response to] Teva's SNDA" for Plan B One-Step.  We respectfully advise the Court that the government will comply with the Order by providing your Honor with a copy of the Summary Review for the Court's *in camera* review but will not file it on the public court docket or make a copy available to plaintiffs.  We also respectfully request that, for the reasons stated below, the Court not disclose the contents of the Summary Review, or any portion thereof, in any publicly-available decision or order the Court may enter in this case.

The Summary Review contains significant confidential commercial information (CCI) about Plan B One-Step which is proprietary to the drug's sponsor, Teva Women's Health, Inc., and which Teva has expressly precluded the government from disclosing publicly.  The Federal Food, Drug, and Cosmetics Act and the Federal Trade Secrets Act together protect a drug sponsor's commercial interests by prohibiting the public disclosure of CCI and trade secrets. *See* 21 U.S.C. § 331(j); 18 U.S.C. § 1905. Thus, when a drug sponsor submits a new drug application, it establishes a confidential relationship with FDA that enables the sponsor to protect its commercial interests in newly-developed clinical data. *See, e.g.,* 21 C.F.R. § 20.61 (protecting "valuable data or information which is used in one's business and is of a type customarily held in strict confidence"); 21 C.F.R. § 314.430 (generally prohibiting disclosure of even the existence of an application under § 355 prior to an approval or tentative approval, unless its existence has already

Hon. Edward R. Korman, United States District Judge
*Tummino v. Hamburg*, Nos. 05-CV-366, 12-CV-0763 (ERK/VVP)
March 14, 2014
Page 2

been disclosed).    Indeed, FDA may be subject to liability for breaching the "confidential relationship" it establishes with a sponsor during drug approval proceedings. *See, e.g., Jerome Stevens Pharms. Inc. v. FDA*, 402 F.3d 1249, 1252-56 (D.C. Cir. 2005).

Moreover, the Summary Review relates solely to FDA's consideration of Teva's SNDA for Plan B One-Step, an administrative proceeding as to which this Court lacks subject matter jurisdiction to exercise any form of judicial review.    *See* 21 U.S.C. § 355(h); *Block v. Community Nutrition Inst.*, 467 U.S. 340, 345 (1984). As Defendants have previously explained, jurisdiction over a decision not to approve an SNDA is vested exclusively in the Court of Appeals, and may be sought only by the drug sponsor after administrative remedies are exhausted.    *See* Defs.' Resp. to Order to Show Cause 37-41; Defs.' Opp'n to Pls.' Mot. for Prelim. Inj. & Summ. J. 25-27.    The Summary Review has no bearing on the denial of the Citizen Petition and, therefore, was not part of the administrative record for that administrative action.

Finally, even with regard to Teva's SNDA for Plan B One-Step, we note that the Summary Review is a pre-decisional, deliberative document that reflects the opinions and recommendations of participants in the deliberative process – whose views ultimately were not adopted – rather than the reasoning of the ultimate decision-maker on the SNDA.    Accordingly, the document is protected from disclosure by the deliberative process privilege.    *See, e.g., Renegotiation Bd. v. Grumman Aircraft Engineering Corp.*, 421 U.S. 168, 184-85 (1975) (a document from a subordinate without final decision-making authority, and to a superior is by definition not a final decision, but is advisory in nature and, if pre-decisional, is protected by the deliberative process privilege); *Nat'l Ass'n of Chain Drug Stores v. HHS*, 631 F. Supp. 2d 23, 27-28 (D.D.C. 2009) (collecting cases).

Accordingly, we will submit the document for *in camera* inspection subject to and without waiver of the foregoing objections, and we respectfully ask that the Court consider the foregoing factors when reviewing the document *in camera*.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney
Eastern District of New York

By:    /s/ {FILED ELECTRONICALLY}
F. FRANKLIN AMANAT (FA6117)
Senior Counsel
(718) 254-6024
franklin.amanat@usdoj.gov

Hon. Edward R. Korman, United States District Judge
*Tummino v. Hamburg*, Nos. 05-CV-366, 12-CV-0763 (ERK/VVP)
March 14, 2014
Page 3

cc (by email and ECF notification):
      Janet Crepps
      Andrea H. Costello
      Kirsten Clanton
      Michael Shumsky
      Steven Menashi