UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANNIE TUMMINO, *et al.*,

                         Plaintiffs,                                  **ORDER**

              - against -                   No. 12-CV-763 (ERK)(VVP)

MARGARET HAMBURG, Commissioner
of Food and Drugs, *et al.*

                         Defendants.

----------------------------------------------------------------X

KORMAN, J.:

The memorandum from the Secretary of Health and Human Services to Commissioner Margaret Hamburg of the FDA, dated December 7, 2011, contains the following statement:

> I have carefully considered FDA's Division Director Summary Review of Regulatory Action, dated November 30, 2011, for the supplemental application, which represents the position of the FDA and recommended approval of the application. Based on my review, I have concluded that the data submitted for this product do not establish that prescription dispensing requirements should be eliminated for all ages.

In response to my request, the United States Attorney has provided me with a copy of the Division Director Summary Review of Regulatory Action for my *in camera* review. Moreover, the United States Attorney requests that "the Court not disclose the contents of the Summary Review, or any portion thereof, in any publicly-available decision or order the Court may enter in this case."

The United States Attorney provides three reasons for this unusual request. First, she claims that "[t]he Summary Review contains significant confidential commercial information (CCI) about Plan B One-Step which is proprietary to the drug's sponsor, Teva Women's Health, Inc., and which Teva has expressly precluded the government from disclosing publicly." This

1

concern does not require that the entire document be kept secret.  Passing over the fact that almost all of the "confidential" information to which the United States Attorney alludes has been made public in articles in medical journals which detail the actual use and label comprehension studies discussed in the Summary Review, the concern of the United States Attorney could be addressed by simply redacting the "confidential commercial information."

The United States Attorney also argues that the Summary Review "relates solely to the FDA's consideration of Teva's SNDA for Plan B One-Step, an administrative proceeding as to which this Court lacks subject matter jurisdiction to exercise any form of judicial review."  I agree that I lack the power to review the denial of Teva's SNDA for the purpose of granting Teva any relief.  Nevertheless, the denial of Teva's SNDA and the denial of the Citizen Petition are inextricably intertwined for reasons which I will make clear in an opinion to follow.  Suffice it to say, there was no way that the FDA could grant the Citizen Petition once it had been directed by the Secretary to deny Teva's SNDA.  Surely if the FDA had said "we deny the Citizen Petition for the same reason that the Secretary ordered the denial of the SNDA," it would be entirely appropriate for me to consider the propriety of the Secretary's decision.  While the denial of the Citizen Petition does not contain those exact words, the hypothetical is sufficient to make my point.

The final excuse for non-disclosure is that "the Summary Review is a pre-decisional, deliberative document that reflects the opinions and recommendations of participants in the deliberative process—whose views ultimately were not adopted—rather than the reasoning of the ultimate decision-maker on the SNDA.  Accordingly, the document is protected from disclosure by the deliberative process privilege."  (citing *Renegotiation Bd. v. Grumman Aircraft Engineering Corp.*, 421 U.S. 168, 184-85 (1975)).  The Supreme Court case cited by the United

States Attorney addresses the issue of exemptions from the Freedom of Information Act for certain agency documents. It has no application here. This document would clearly be part of the administrative record if Teva had appealed the denial of the SNDA. *See, e.g., Am. Wildlands v. Kempthorne*, 530 F.3d 991 (D.C. Cir. 2008) ("The record consists of the order involved, any findings or reports on which that order is based, and the pleadings, evidence, and other parts of the proceedings before the agency." (internal quotation omitted)). While the Secretary may have rejected the ultimate conclusion in the Summary Review, the reasons she gave are based on information she derived from it. Moreover, even if the Summary Review itself is to be kept secret, I do not understand why quotations from other documents prepared during the course of the FDA's review must be similarly treated. Indeed, they are comparable to documents that were produced earlier in the case with respect to the Plan B SNDA and the Citizen Petition and which were quoted extensively in my 2009 opinion, *Tummino v. Torti*, 603 F.Supp.2d. 519 (E.D.N.Y.). Such material would be equally discoverable here if the case is not disposed of on the cross-motions for summary judgment. Indeed, the quote attributable to Dr. Lisa Mathis, Associate Director of the Office of New Drugs at the FDA, on page 15 of the Summary Review, is relevant to the defendants' cross-motion for summary judgment, and another comment of hers from a memorandum reviewing the SNDA is quoted on page 9 of the Citizen Petition Denial Letter.

While I intend to file the Summary Review under seal for the moment, the United States Attorney is directed to: 1) provide me with a copy of the Summary Review redacting what she claims is Teva's confidential commercial information, 2) specifically address whether the Summary Review itself must be kept secret in light of my discussion above, and 3) even if the Summary Review itself must be kept secret, specifically address the issue whether documents prepared by officials at the FDA in the course of reviewing Teva's SNDA for Plan B One-Step

and quoted in the Summary Review must be kept secret in light of my discussion above.  This

response should be filed within seven days of the date of this order.

**SO ORDERED:**

Brooklyn, New York
March 15, 2013

*Edward R. Korman*

Edward R. Korman
Senior United States District Judge