

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, NY 11201-1820*

March 22, 2013

**BY ELECTRONIC COURT FILING**
**AND COURTESY COPY BY HAND DELIVERY**

Honorable Edward R. Korman
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     *Re*:     *Tummino v. Hamburg, Nos. 05-CV-366, 12-CV-0763 (ERK/VVP)*

Dear Judge Korman:

We write on behalf of defendants in the above-referenced actions, in response to the Court's Amended Order entered on March 16, 2013 (doc. no. 82 in 12-CV-763).

The Amended Order directs the government to provide the Court with a redacted copy of "the Division Director Summary Review of Regulatory Action referenced by Secretary Sebelius in her memorandum directing the FDA to issue a complete response letter [in response to] Teva's SNDA" for Plan B One-Step. Specifically, it directs the government to: 1) redact confidential commercial information (CCI) proprietary to the drug's sponsor, Teva Women's Health, Inc., "other than information contained in articles published by the scientists who conducted the label comprehension and actual use studies for Teva and the information contained in their affidavits"; 2) "address whether the Summary Review itself must be kept secret"; and 3) "address . . . whether documents prepared by . . . FDA in the course of reviewing Teva's SNDA for Plan B One Step and quoted in the Summary Review must be kept secret."

We first address the Amended Order's directive to the government to submit a redacted version of the Summary Review. Under the Trade Secrets Act, 18 U.S.C. § 1905, FDA is prohibited from releasing trade secrets and CCI unless otherwise authorized by law or unless the owner of that information consents to the disclosure. FDA's implementing regulations provide that CCI and privileged information is "not available for public disclosure." 21 C.F.R. § 20.61; *see also id.* § 20.82(b) (prohibiting discretionary disclosure of any record "[e]xempt from public disclosure pursuant to [21 C.F.R.] § 20.61."). Moreover, absent the consent of the sponsor, FDA considers unapproved new drug applications (including unapproved supplemental new drug applications

Hon. Edward R. Korman, United States District Judge
*Tummino v. Hamburg*, Nos. 05-CV-366, 12-CV-0763 (ERK/VVP)
March 22, 2014
Page 2

(SNDAs)), and all FDA internal review memoranda related to an unapproved application, to be CCI in their entirety until the application is approved. *See* 21 C.F.R. § 314.430. In recognition of the proprietary nature of information that may be contained in an unapproved application and reflected in FDA reviews of that application – such as business plans and certain manufacturer-sponsored scientific research – FDA regulations prohibit the release of that information without the consent of its owner, with limited exceptions not applicable here. *Id.*[1]

Notwithstanding the foregoing, under FDA's policy and practice, FDA may disclose CCI in a drug application file when, and to the extent that, the drug sponsor consents to the disclosure. *Cf.* 21 C.F.R. § 20.61. At FDA's request in light of the Court's Amended Order, Teva has agreed to the public filing of a redacted version of the Summary Review. Accordingly, attached to this letter is a copy of the Summary Review that has been redacted to remove certain of Teva's CCI, deliberative pre-decisional opinions of FDA personnel, and some private personal data. Among other data, certain information set forth in the Summary Review that relates to the actual use and label comprehension studies Teva submitted in support of its SNDA and that has already been publicly disclosed by third parties has not been redacted. In agreeing to FDA's request, Teva has specified that its waiver of confidentiality is limited to this redacted version of the Summary Review, and does not extend to the redacted passages or to any other document in the unapproved application file.

The Amended Order asks why the Summary Review should not be publicly disclosed in its entirety, given that it is "comparable to documents that were produced earlier in the case with respect to the Plan B SNDA and the Citizen Petition and which were quoted extensively in [the Court's] 2009 opinion." The difference is that the Court's 2009 opinion came after FDA's 2006 approval of the Plan B SNDA, whereas the Summary Review relates to an *unapproved* application. Moreover, as noted, the owner of CCI (such as a drug sponsor) may consent to the release of its information. In 2005, when FDA initially produced (in case no. 05-CV-366) a number of reviews of the Plan B SNDA written by CDER staff, it did so pursuant to a Stipulated Protective Order entered into among plaintiffs, defendant, and the Plan B SNDA sponsor. Under that Stipulated Protective Order, the Plan B sponsor initially agreed to waive confidentiality of its CCI only as to

---

[1] FDA typically considers even the *existence* of an unapproved application that has not previously been disclosed or acknowledged by the sponsor to be CCI. 21 C.F.R. § 314.430(b). Even where, as here, the existence of the SNDA in question has been disclosed or acknowledged by the sponsor, FDA regulations nevertheless prohibit the agency from disclosing, prior to approval of the application, any of the data and information in the application, including FDA's internal reviews describing and analyzing data in the application. *Id.* § 314.430(d)(1) ("no data or information contained in the application . . . is available for public disclosure before the agency sends an approval letter . . . ."); *id.* § 314.430(e) (describing information that may be released "[a]fter FDA sends an approval letter to the applicant."). In such a situation, the Commissioner does have limited discretion to release a summary of some of the data that are contained in an unapproved SNDA and that are appropriate for public consideration of a specific pending issue, such as for consideration by an FDA advisory committee. *Id.* § 314.430(d)(1). That discretion, however, is not apposite here.

Hon. Edward R. Korman, United States District Judge
*Tummino v. Hamburg*, Nos. 05-CV-366, 12-CV-0763 (ERK/VVP)
March 22, 2014
Page 3

plaintiffs. *See* No. 05-CV-366, ECF No. 69-2. Thus, when any party to the case wanted to include information from these confidential documents in a court filing, it was required either to obtain the sponsor's permission to disclose the information publicly or else to file the submission under seal. *See id.* at 7. After the Plan B SNDA was approved in August 2006, FDA made redacted versions of the reviews publicly available, as is its practice after any new drug application has been approved. The Court's 2009 opinion came after FDA's public release of these previously confidential reviews, as well as after the Plan B sponsor's agreement to release certain documents and information. By contrast, here Teva has only agreed to release the Summary Review in redacted form.[2/]

With respect to the Amended Order's directive to "address whether the Summary Review itself must be kept secret [in its entirety] in light of my discussion above," we note that in discussing the scope of its subject matter jurisdiction, the Court states that "there was no way that the FDA could grant the Citizen Petition once it had been directed by the Secretary to deny Teva's SNDA." The Court's discussion assumes that the Secretary's determination with respect to the SNDA was the implicit reason behind the denial of the Citizen Petition. However, both the quoted statement and its underlying assumption are legally and factually incorrect. Simply stated, the Secretary's rationales for directing a complete response letter as to the Plan B One-Step SNDA played no role in FDA's denial of the Citizen Petition seeking an OTC switch for Plan B (a different product).

There are numerous scenarios in which FDA could conceivably have granted the Citizen Petition even after the Secretary directed the Commissioner to issue a complete response to the SNDA. Teva's SNDA sought permission to market Plan B One-Step without a prescription to consumers of *all* ages, and the only available options for agency action on that particular application were to approve the application for all ages or to issue a complete response and thereby maintain the *status quo*. In other words, if, hypothetically, data submitted with the SNDA did not support eliminating the age cut-off altogether but supported lowering the age cut-off from the current 17 to some intermediate age, the agency did not have the option to approve a different application from the one submitted by the sponsor. Once the Secretary concluded that the data in the SNDA were insufficient to support the specific regulatory action that the sponsor had requested, the only option available was to issue a complete response letter explaining that

---

[2/] Nor does the fact that documents similar to the Summary Review were previously disclosed in connection with the first case waive the confidentiality of the CCI, deliberative process, and privacy information in the Summary Review. The so-called "fairness doctrine," according to which disclosure of attorney-client privileged documents is sometimes construed to waive that privilege as to all other documents on the same subject matter, does not apply to the deliberative process privilege, and agencies are free to assert that privilege selectively, as to any documents to which it may apply, regardless of whether it was asserted for similar documents. *See In re Sealed Case*, 121 F.3d 729, 741 (D.C. Cir. 1997); *Mobil Oil Corp. v. EPA*, 879 F.2d 698, 701 (9th Cir. 1989); *Mehl v. EPA*, 797 F. Supp. 43, 47 (D.D.C. 1992). Nor is the government aware of authority that extends the fairness doctrine to CCI or personal privacy information.

Hon. Edward R. Korman, United States District Judge
*Tummino v. Hamburg*, Nos. 05-CV-366, 12-CV-0763 (ERK/VVP)
March 22, 2014
Page 4

the application could not be approved.  The sponsor could then, if it wished, submit an amended SNDA proposing an intermediate approach supported by its data.

On the other hand, the Citizen Petition, which sought the commencement of a rulemaking proceeding to effectuate an OTC switch, offered FDA somewhat more flexibility with regard to the course of action it could potentially pursue.  Thus, even though the original petitioners asked FDA to allow the two-pill Plan B to be sold without a prescription to consumers of all ages, if the data in the Citizen Petition docket hypothetically supported lowering the age cut-off for non-prescription sales of that drug from the current 17 to some intermediate age, then FDA could theoretically have initiated a notice-and-comment rulemaking proceeding to consider lowering the cut-off age for Plan B rather than to eliminate it altogether. And if the data had supported it, FDA could have taken this intermediate action, notwithstanding the Secretary's determination with respect to the all-or-nothing SNDA for Plan B One-Step.

Correspondingly, even if Teva's SNDA for Plan B One-Step had been approved, FDA could have still denied the Citizen Petition as to Plan B on the ground that the data in the docket for that proceeding did not warrant rulemaking as to that, different product.  As stated in FDA's December 12, 2011, letter to the petitioners, the Citizen Petition was denied because *FDA* had concluded that the Citizen Petition docket for Plan B lacked adequate data to support the requested OTC switch of Plan B, not because the Secretary had concluded that the SNDA docket for Plan B One-Step lacked sufficient data to support making that drug available without a prescription to consumers of all ages.  In particular, the letter noted that no actual use or label comprehension data for the lower age groups – which FDA determined were necessary to support the requested change for Plan B – had been submitted in support of the Citizen Petition.

After this Court remanded the Plan B Citizen Petition to FDA for reconsideration in March 2009, FDA reopened the docket for that proceeding and kept it open for 33 months. During that time, neither plaintiffs nor any other party submitted new data or relevant information to that docket.  As a result, the contents of the docket for the Citizen Petition as of December 2011 were identical to the contents of the docket on which FDA originally denied the petition.   FDA therefore concluded, on reconsideration, that the record did not support a different decision than the one it originally made. The Secretary's determination with respect to the SNDA played no role in this conclusion, and the denials in the two proceedings were not "inextricably intertwined."

The Amended Order also states that the Summary Review "would clearly be part of the administrative record if Teva had appealed the denial of the SNDA."  However, Teva's proprietary interest in protecting against the public disclosure of its CCI extends to the deliberative, pre-decisional opinions of FDA personnel considering its drug application.  For that reason, even under the hypothetical posed by the Court, FDA would not disclose the review publicly absent the sponsor's consent, and instead would maintain the confidentiality of appropriate portions of the administrative record, as it did in No. 05-CV-366.  The fact remains, however, that Teva did *not* appeal the denial of the SNDA, meaning that there is no administrative record pertaining to that

Hon. Edward R. Korman, United States District Judge
*Tummino v. Hamburg*, Nos. 05-CV-366, 12-CV-0763 (ERK/VVP)
March 22, 2014
Page 5

decision that is properly before any court for judicial review. Whether the Summary Review would have been part of the record in such a hypothetical appeal is academic, since neither the Secretary's decision on the SNDA for Plan B One-Step, nor any aspect of that proceeding, is properly within this Court's jurisdiction.

It is, moreover, up to the agency in the first instance to designate the administrative record for purposes of judicial review. *See, e.g., Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 743-44 (1985); *National Audubon Soc'y v. Hoffman,* 132 F.3d 7, 14 (2d Cir. 1997); *James Madison, Ltd. v. Ludwig,* 82 F.3d 1085, 1095 (D.C. Cir. 1996). It is undisputed here that the Summary Review is not part of the administrative record the agency compiled for the Citizen Petition. As set forth in FDA's regulations, the record of a citizen petition proceeding is limited to:

> (1) The petition, including all information on which it relies, filed by the Division of Dockets Management.
> (2) All comments received on the petition, including all information submitted as part of the comments.
> (3) If the petition resulted in a proposal to issue, amend, or revoke a regulation, all of the documents specified in § 10.40(g).
> (4) The record, consisting of any transcripts, minutes of meetings, reports, Federal Register notices, and other documents resulting from the optional procedures specified in paragraph (h) of this section, except a transcript of a closed portion of a public advisory committee meeting.
> (5) The Commissioner's decision on the petition, including all information identified or filed by the Commissioner with the Division of Dockets Management as part of the record supporting the decision.
> (6) All documents filed with the Division of Dockets Management under § 10.65(h).
> (7) If a petition for reconsideration or for a stay of action is filed under paragraph (j) of this section, the administrative record specified in § 10.33(k) or § 10.35(h).

21 C.F.R. § 10.30(i). The regulations go on to state that "the administrative record specified in [21 C.F.R. § 10.30(i)] *is the exclusive record for the Commissioner's decision.* The record of the administrative proceeding closes on the date of the Commissioner's decision unless some other date is specified. Thereafter any interested person may submit a petition for reconsideration under [21 C.F.R. § 10.33] or a petition for stay of action under [21 C.F.R. § 10.35]. *A person who wishes to rely upon information or views not included in the administrative record shall submit them to the Commissioner with a new petition to modify the decision in accordance with this section.*" 21 C.F.R. § 10.30(j) (emphasis added).

Hon. Edward R. Korman, United States District Judge
*Tummino v. Hamburg*, Nos. 05-CV-366, 12-CV-0763 (ERK/VVP)
March 22, 2014
Page 6

Elsewhere, FDA's regulations concerning judicial review of its decisions provide that in an APA challenge, the validity of FDA action "must be determined solely on the basis of the administrative record specified in § 10.30(i) . . . [and] additional information or views may not be considered.  An interested person who wishes to rely upon information or views not included in the administrative record shall submit them to the Commissioner with a new petition to modify the action under § 10.25(a)."  21 C.F.R. § 10.45(f).  Under these regulations, the Summary Review from the Plan B One-Step SNDA proceeding was appropriately excluded from the administrative record for the Citizen Petition and should not be part of the Court's consideration.[3/]

In conclusion, for the reasons stated above, the Summary Review (1) pertains to an unapproved SNDA and thereby consists of protected CCI that should not be disclosed except to the extent that the drug sponsor agrees to its disclosure, (2) is not germane to the denial of the Citizen Petition and not part of any record properly before a court with jurisdiction to review the denial of the SNDA, and (3) is a pre-decisional, deliberative document.  Thus, the answer to the Court's question whether the Summary Review itself must be kept "secret" is yes as to the unredacted version and no with respect to the redacted version that Teva has agreed to disclose.

The Court also asked whether other documents prepared by officials at FDA in the course of reviewing Teva's SNDA for Plan B One-Step, and quoted in the Summary Review, must also be kept from public disclosure.  The analysis and response as to these documents is identical to those for the Summary Review itself.  To the extent that Teva has authorized their disclosure and the agency has disclosed them, such as the documents that were made part of the administrative record the agency prepared and filed for the denial of the Citizen Petition, they can be further

---

[3/]       The Amended Order declares the government's citation to *Renegotiation Bd. v. Grumman Aircraft Engineering Corp.*, 421 U.S. 168, 184-85 (1975), misplaced on the ground that that case dealt with exemptions from disclosure under the federal Freedom of Information Act (FOIA).  It is well-established, however, that FOIA Exemption 5 (5 U.S.C. § 552(b)(5)) was derived from, and is essentially a codification of, the common-law deliberative process privilege that applies in non-FOIA cases; thus, district courts in this Circuit and elsewhere rely on authority from FOIA cases in applying the privilege in non-FOIA actions. *See, e.g., In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997); *MacNamara v. City of New York*, 249 F.R.D. 70, 78 n.6 (S.D.N.Y. 2008); *E.B. v. New York City Bd. of Educ.*, 233 F.R.D. 289, 292 (E.D.N.Y. 2005); *Nat'l Cong. for Puerto Rican Rights v. City of New York*, 194 F.R.D. 88 (S.D.N.Y. 2000).  Indeed, in *Grumman Aircraft* itself the Supreme Court states that "Exemption 5 incorporates the privileges which the Government enjoys under the relevant statutory and case law in the pretrial discovery context; and both Exemption 5 and the case law which it incorporates distinguish between predecisional memoranda prepared in order to assist an agency decisionmaker in arriving at his decision, which are exempt from disclosure, and postdecisional memoranda setting forth the reasons for an agency decision already made, which are not." *Grumman Aircraft*, 421 U.S. at 184 (citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975)).  Further, "absent indication that its reasoning has been adopted, there is little public interest in disclosure of a [subordinate's] report. 'The public is only marginally concerned with reasons supporting a (decision) which an agency has rejected, or with reasons which might have supplied, but did not supply, the basis for a (decision) which was actually adopted on a different ground.'" *Id.* at 186 (quoting *Sears*, 421 U.S. at 152.).

Hon. Edward R. Korman, United States District Judge
*Tummino v. Hamburg*, Nos. 05-CV-366, 12-CV-0763 (ERK/VVP)
March 22, 2014
Page 7

publicly disclosed. Any documents whose disclosure has not been authorized remain confidential, regardless of whether the Summary Review quotes or describes them.

Finally, as explained above, because judicial review of the Citizen Petition response is limited to the administrative record of that proceeding, neither the Summary Review nor the documents from which it quotes are properly part of the Court's review in adjudicating the pending cross-motions for summary judgment.

We appreciate the Court's time and considered attention to this matter.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney
Eastern District of New York

By:     /s/ {FILED ELECTRONICALLY}
F. FRANKLIN AMANAT (FA6117)
Senior Counsel
(718) 254-6024
franklin.amanat@usdoj.gov

Encl.:   Redacted Version of Summary Review document

cc (by email and ECF notification):
Janet Crepps
Andrea H. Costello
Kirsten Clanton
Michael Shumsky
Steven Menashi