

THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

ANNIE TUMMINO, *et al*.,

Plaintiffs,

MARGARET HAMBURG, M.D., *et al*.,

Defendants.

-----------------------------------------------------------X

**No. 12-CV-0763 (ERK/VVP)**

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS, AND FOR ENLARGEMENT OF TIME TO FILE PETITION OR, ALTERNATIVELY, TO STAY THIS MOTION UNTIL RESOLUTION OF ALL POST-JUDGMENT REQUESTS FOR RELIEF**

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) and Federal Rule of Civil Procedure 54(d), Plaintiffs, by and through their undersigned counsel, having obtained relief under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, move for attorneys' fees and costs and respectfully request an order granting an additional 120 days to file papers in support of this motion to permit resolution of all post-judgment requests for relief, including the Defendants' appeal of this Court's Orders, dated April 5, 2013 (ECF No. 85) and the judgment of this Court entered on April 10, 2013 (ECF No. 87).

**I. Grounds Entitling Plaintiffs to an Award**

Plaintiffs are entitled to fees under the EAJA if three conditions are met: (1) they are the prevailing party in litigation; (2) the government's actions were not substantially justified; and (3) Plaintiffs' requested fees are reasonable. *See* 28 U.S.C. § 2412(d). For the reasons set forth below, Plaintiffs have satisfied each of these conditions.

Under the Court's April 5, 2013, Memorandum and Order (ECF No. 85) (the "Order") and the judgment of this Court entered on April 10, 2013 (ECF No. 87), Plaintiffs are the prevailing party on their APA claim because they were granted substantive legal relief in two respects: 1) the Court determined that Plaintiffs had established their central legal claim, by holding that the government's actions were arbitrary, capricious and an abuse of discretion, and, 2) the Court granted Plaintiffs substantive relief on the merits of their claims, by remanding the case to the FDA with "the instruction to grant the Citizen Petition and make levonogestrel-based emergency contraceptives available without a prescription and without point-of-sale or age restrictions within thirty days." Order at 57.

Defendants were not substantially justified in their pre-litigation or litigation conduct. The government cannot meet its burden to prove that its underlying conduct at issue in the litigation and its litigation positions were "substantially justified." While a finding of a lack of good faith is not necessary for fees to issue under EAJA, the Court's findings that Defendants' decisions regarding emergency contraception were not made in good faith and that the government's litigation positions lacked credibility preclude a finding that any of the government's actions, prior to litigation and during litigation, were substantially justified.

Finally, the fees and costs that Plaintiffs seek are eminently reasonable and Plaintiffs should recover fees for all the reasonable attorneys' hours expended on their APA claim.

**II. The Amount of Fees Sought is Reasonable**

Plaintiffs' fair estimate of the amount of reasonable attorneys' fees and costs is: 1,437 hours subject to increase with any post-judgment motions and post-judgment interest.[1] Following resolution of post-judgment requests for relief, Plaintiffs will submit appropriate

[1] Plaintiffs also seek costs in the approximate amount of $1,200.

supporting documentation to substantiate the reasonableness of their hours expended in this litigation as multiplied by the reasonable hourly rate.

Compensation above the EAJA statutory rate of $125 per hour (adjusted for inflation)[2] is warranted here for attorneys whose special expertise and experience was needed in this litigation. *See* 28 U.S.C. § 2412(d)(2)(A)(ii) (a court may award fees at a higher rate where a "special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."); *see also Pierce v. Underwood*, 487 U.S. 552, 572 (1988). Plaintiffs' supplemental fee filing will address this issue.

## III. Request for Enlargement of Time to File Petition and Supporting Materials, or, Negotiate a Resolution Following Resolution of Post-Judgment Requests for Relief

Plaintiffs seek an Order that would grant an additional 120 days to file their petition for attorneys' fees and costs with supporting materials and a memorandum of law in support of the motion following resolution of any post-judgment relief. This proposal serves the interests of judicial economy and efficiency, as well as avoiding any undue burdens on either party, by delaying the litigation of this matter until all related litigation filed by Defendants in this Court and the U.S. Court of Appeals for the Second Circuit are resolved, as well as any subsequent post-judgment filings by either party.[3] It also provides the parties time to attempt to reach resolution on the issue of attorneys' fees and costs and avoid litigation on the issue.

Dated: May 9, 2013

Respectfully submitted,

/s/ *Janet Crepps*
**JANET CREPPS***

[2] Should the Court decide to apply the EAJA statutory rate, that rate should be adjusted for inflation. *See Gomez-Beleno v. Holder*, 644 F.3d 139, 147 (2d Cir. 2011).

[3] Plaintiffs' counsel conferred with counsel for Defendants, F. Franklin Amanat, prior to the filing of this motion concerning their position. Defendants oppose this motion.

Center for Reproductive Rights
120 Wall Street, 14th Floor
New York, NY 10005
(917) 637-3600

*Attorneys for all Plaintiffs*

**ANDREA COSTELLO***
Partnership for Civil Justice Fund
617 Florida Avenue, NW
Washington, D.C. 20001
(202) 232-1180 (phone)
(202) 747-7747 (fax)
ac@justiceonline.org

**KIRSTEN CLANTON***
Southern Legal Counsel, Inc.
1229 NW 12th Ave.
Gainesville, FL 32601
(352) 271-8890

*Attorneys for Plaintiffs Tummino, Mahoney, Giardina, Mangan, Seguin, Tinney, Brown Churchill, Hunt, and Kelly*

*Admitted *pro hac vice*